| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br>(303) 606-2300 | DATE FILED: March 15, 2024 2:47 PM<br>FILING ID: 551D084D71AFF<br>CASE NUMBER: 2024CV30820 |
| PLAINTIFF:   Rhonda Johnson<br><br>v.<br><br>DEFENDANT:   WAL-MART STORES, INC. D/B/A SAM'S CLUB, A DIVISION OF WAL-MART STORES, INC., A FOREIGN CORPORATION; SAM'S WEST, INC. D/B/A SAM'S CLUB, A FOREIGN CORPORATION | ∆COURT USE ONLY∆ |
| *Attorneys for Plaintiff:*<br>Nicholas W. Mayle, #38252<br>**RAMOS LAW**<br>319 Colorado Law<br>Grand Junction, CO 81501<br>Phone Number: (970)457-8080<br>Fax Number: (303) 856-5666<br>E-mail: nmayle@ramoslaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Rhonda Johnson, through her attorneys, Ramos Law submits this Complaint and Jury Demand, and alleges as follows:

**JURISDICTION and VENUE**

1.  On August 26, 2022, and all other times relevant, Rhonda Johnson was a resident of Colorado.

2.  On August 26, 2022, and all other times relevant, Wal-Mart Stores, Inc. d/b/a Sam's Club, a division of Wal-Mart Stores, Inc. was foreign Delaware corporation with its principal place of business at 702 SW 8th St. Bentonville Arkansas 72716.

1

3. On August 26, 2022, and all other times relevant, Sam's West, Inc. d/b/a Sam's Club was foreign Arkansas corporation with its principal place of business at 702 SW 8th St. Bentonville Arkansas 72716.

4. Defendants operate the Sam's Club store located at 1040 Independent Avenue, Grand Junction, Colorado 81505.

5. Hereinafter, the Defendants are collectively referred to as "Sam's Club."

6. The torts complained of herein were committed in Colorado.

7. Jurisdiction is proper in Colorado.

8. Venue is proper pursuant to C.R.C.P. 98(c)(3)(1), which provides, "if the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the Complaint."

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference all paragraphs in this Complaint.

10. On August 26, 2022, Ms. Johnson was shopping at Sam's Club at 1040 Independent Avenue, Grand Junction, Colorado 81505.

11. Ms. Johnson was an invitee of Sam's Club.

12. While Ms. Johnson was shopping, she slipped on a large pool of water on the floor.

13. Ms. Johnson fell to the ground and fractured her right ankle in three places.

14. Ms. Johnson fell landed in the pool of water and laid in the pool for a long period of time, unable to get up.

15. Ms. Johnson's clothes were wet from the pool of water.

16. Sam's Club employees did not assist Ms. Johnson with her injuries.

17. Ms. Johnson was eventually transported from the scene via ambulance.

18. Sam's Club is the landowner of location of the incident, 1040 Independent Avenue, Grand Junction, Colorado 81505.

19. Sam's Club is a landowner of the premises as defined under the Colorado Premises Liability Act.

20. Sam's Club is responsible for maintaining the premises.

21. Sam's Club is responsible for safety at the premises.

22. The pool of water on the floor constituted a dangerous condition.

23. The pool of water was in an area where invitees of Sam's Club walked.

24. Sam's Club knew or should have known that pool of water constituted a dangerous condition.

25. There were no signs or markings warning of the pool of water.

26. The amount of water on the floor indicated that it had been present for a prolonged period of time.

27. Sam's Club did not properly monitor the area in which the water was pooled on the floor.

28. A landowner should never allow water to pool on its premises in areas where individuals walk.

29. A landowner should always promptly clean up pools of water that form on its premises in areas where individuals walk.

30. Promptly cleaning up the pool of water would not have been expensive.

31. Promptly cleaning up the pool of water would not have been cost prohibitive to Sam's Club.

32. Ms. Johnson was injured as a result of the incident.

33. Ms. Johnson received medical treatment as a result of the incident.

34. Ms. Johnson underwent surgery as a result of the incident.

35. Ms. Johnson incurred medical expenses as a result of the incident.

36. Ms. Johnson sustained permanent scarring as a result of the incident.

37. Ms. Johnson missed work as a result of the incident.

38. Ms. Johnson lost income as a result of the incident.

39. Ms. Johnson sustained injuries, damages, and losses as a result of the incident.

**FIRST CLAIM FOR RELIEF**

## **PREMISES LIABILITY**

40. Plaintiff incorporates by reference all paragraphs of this complaint.

41. At all times relevant hereto, Ms. Johnson was an invitee pursuant to the Colorado Premises Liability Act.

42. At all times relevant hereto, Sam's Club was a landowner as that term is defined under the Colorado Premises Liability Act.

43. Sam's Club had a duty to maintain the premises such that they would not pose an unreasonable risk of danger to invitees, such as Plaintiff.

44. Sam's Club knew, or should have known, of the dangerous condition created by the pool of water.

45. In breach of its legal duty, Sam's Club did not use reasonable care to protect against the dangerous condition on the premises and/or warn invitees, such as Ms. Johnson.

46. Sam's Club also possessed actual knowledge of the unreasonably dangerous condition on the premises.

47. Sam's Club recklessly and negligently failed to exercise reasonable care in allowing the dangerous condition to exist on the premises.

48. As a result of Sam's Club's negligence, Ms. Johnson sustained injuries, damages, and losses.

## **SECOND CLAIM FOR RELIEF**
## **NEGLIGENCE**

49. Plaintiff incorporates by reference each paragraph of this complaint.

50. Sam's Club owed its invitees, including but not limited to, Ms. Johnson, a duty to exercise reasonable care and provide a safe environment.

51. Sam's Club breached its duty of care by failing to provide a safe environment and, allowing the dangerous condition to exist on the premises.

52. Sam's Club knew or should have known that the pool of water posed an unreasonable risk of danger to individuals, such as Ms. Johnson.

53. Sam's Club possessed actual knowledge of the unreasonably dangerous condition on its premises.

54. Sam's Club recklessly and negligently failed to exercise reasonable care in allowing the dangerous condition to exist on the premises.

55. Ms. Johnson incurred injuries, damages and losses as a result of the incident.

56. Sam's Club's negligence was a cause of plaintiff's injuries, damages, and losses.

## DAMAGES
## C.J.I. Civ. 4th Ed. : 6:1A

57. Plaintiff incorporates by reference all paragraphs in this Complaint.

58. Sam's Club's negligence, acts, and omissions caused Ms. Johnson to incur past and future non-economic injuries, damages and losses, including pain and suffering, inconvenience, emotional stress, and loss of the quality of life.

59. Sam's Club's negligence, acts, and omissions caused Ms. Johnson to sustain permanent physical impairment and disfigurement.

60. Sam's Club's negligence, acts, and omissions caused Ms. Johnson to incur past and future economic losses which include reasonable and necessary medical expenses, loss of income, and earning capacity.

WHEREFORE, plaintiff respectfully requests:

A. Judgment to be entered against defendants for a monetary sum, in an amount to be proven at trial;

B. Pre-judgment and post-judgment interest;

C. Costs of litigation, including expert witness fees; and

D. Such other and further relief as the court deems just and proper.

**Plaintiff Demands a Jury on all Claims**.

Respectfully submitted this 15th day of March, 2024.

        **RAMOS LAW**

        *Original signature on file at Ramos Law*

        /s/ <u>*Nicholas W. Mayle*</u>
        Nicholas W. Mayle, #38252
        *Attorneys for Plaintiff*

**Plaintiff's Address:**
c/o Ramos Law
10190 Bannock Street
Northglenn, Colorado 80260